UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEIXIAN YE,

                  Plaintiff,

- against -

JOHN F. KELLY, *Secretary of the U.S. Department of Homeland Security*; JAMES MCCAMENT, *Acting Director of the U.S. Citizenship and Immigration Service*; GREGORY A. RICHARDSON, *Director of the Texas Service Center of the U.S. Citizenship and Immigration Service*; and ANDREW G. MCCABE, *Acting Director of the Federal Bureau of Investigation*,

                  Defendants.

**MEMORANDUM DECISION AND ORDER**

17 Civ. 3010 (BMC)

**COGAN**, District Judge.

    Plaintiff Meixian Ye brought this action seeking a writ of mandamus and review under the Administrative Procedure Act ("APA") to compel the United States Customs and Immigration Service ("USCIS") to act on her application for the adjustment of her immigration status. On June 20, 2017, after she had commenced this action, USCIS issued to plaintiff a Request for Evidence ("RFE"). Presently before the Court is defendants' motion to dismiss on the ground that the action is now moot.

    Plaintiff acknowledges that the "ball is in her court," and that there is nothing presently that the Court can do for her until she responds to the RFE and defendants undertake further proceedings. However, appealing to this Court's equitable discretion, she asks the Court to retain, effectively stay, this case because it took so long for USCIS to issue the RFE that she is not confident it will timely process her application once she responds to the RFE. She believes it

is "foreseeable that the long, abnormal delay in processing may continue to persist," and that "[g]iven such possibility, . . . the Court should exercise [its] equitable powers in this action." She does not say how she wants me to exercise these equitable powers, but the implication is that I should be available to step in if defendants engage in further delay.

The APA provides individuals with a cause of action when agency adjudication has been unreasonably delayed. Specifically, the APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b). It further provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). "Where the agency in charge of the adjudication fails to render a decision within a reasonable period of time, as required by § 555(b), the Court has the power to grant a writ of mandamus compelling an adjudication." Am. Acad. of Religion v. Chertoff, 463 F. Supp. 2d 400, 420 (S.D.N.Y. 2006).

The Mandamus Act grants courts authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004) (internal quotation marks omitted). For relief under the statute, there must be "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (quoting Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972)).

Plaintiff is not entitled to mandamus relief or relief under the APA because plaintiff has no right to the relief requested and defendants are under no duty to act given the circumstances. Plaintiff's application has been pending for less than three years, and while certainly a

substantial period of time, it is not an unreasonable delay.  See Pesantez v. Johnson, No. 15-CV-1155, 2015 WL 5475655, *4 (E.D.N.Y. Sept. 16, 2015) (noting that a five-year delay is not unreasonable).  The system is clearly overwhelmed and granting plaintiff relief simply delays some other applicant from getting relief.   Equitable discretion requires consideration of the public good as well as plaintiff's interest.

More importantly, with an RFE pending, there is no role for the Court, and "[j]udicial intervention in this case would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something [the] Court is 'institutionally ill-equipped to do.'"  Id. at *6 (quoting Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, 729 F.3d 1025, 1038 (9th Cir. 2013)).

There is a practice in this district by which immigration applicants file suit under the APA and for mandamus relief as a way to gain adjudication of their applications more quickly by moving their applications "to the front of the line."  Id. at *6.  Here, plaintiff's complaint has achieved that intended purpose.  Having done so, she seeks to press her advantage further, holding this lawsuit over defendants' heads like the Sword of Damocles, so that they will be incentivized to act on her application, knowing that if they do not, she can press ahead with this lawsuit.

But the purpose of the APA and the Mandamus Act is not to change the negotiating leverage of parties in administrative proceedings.  Plaintiff brought this action for mandamus because defendants were allegedly refusing to act.  The refusal to act is the prerequisite for the existence of a case and controversy.  Plaintiff, however, has received what she wanted – action – and she acknowledges that is all she can expect at this point.  If the time comes in the future where there is another delay that plaintiff believes is illegal, plaintiff will be free to commence

another proceeding to challenge that delay. But now that relief has been retained, this Court is not going to keep the case open based on plaintiff's desire to have a judicial overseer of her administrative process.

Defendants' motion to dismiss plaintiff's complaint is granted. The Clerk of Court is directed to enter judgment in favor of defendants, dismissing the complaint.

**SO ORDERED.**

                                                U.S.D.J.

Dated: Brooklyn, New York
       June 27, 2017